IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Lee Hewitt, Jr., | C/A No. 6:19-cv-3014-JFA-KFM |
| Plaintiff, | |
| v. | **ORDER** |
| Bryan Stirling, Donna L. Cappadonia, Dustin Phillips, and Michelle Fox[1], | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, Terry Lee Hewitt, Jr, ("Plaintiff") a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Plaintiff filed his original complaint on October 25, 2019. (ECF No. 1). By orders dated November 4, 2019, and December 4, 2019, the Magistrate Judge provided Plaintiff the opportunity to file amended complaints to correct deficiencies identified by the court which would warrant summary dismissal pursuant to § 1915 and § 1915A.[2] (ECF Nos. 7

---

[1] This caption represents the current parties to this action, in light of the plaintiff's amended complaint. (ECF No. 13).
[2] Pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court may dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief

& 11.) Plaintiff filed an Amended Complaint after both orders in an attempt to cure the deficiencies. (ECF Nos. 9 & 13).

After reviewing the Complaint and both Amended Complaints and specifically advising Plaintiff of deficiencies in his pleadings, the Magistrate Judge assigned to this action[3] prepared a thorough Report and Recommendation ("Report"). (ECF No. 18). Within the Report, the Magistrate Judge opines that the Amended Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. *Id.* Thus, the Report recommends that this matter be summarily dismissed with prejudice and without issuance of service of process. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on February 10, 2020. (ECF No. 21). Therefore, this matter is ripe for review.

II.   **LEGAL STANDARD**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct

---

may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the factual background is necessary to analyze the objections.

Plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") at Lee Correctional Institution ("Lee"), makes various claims against SCDC employees relating to his medical treatment while at Lee. (ECF No. 13). Plaintiff's amended complaint, consisting of 24 typed pages and one hundred pages of exhibits, asserts a plethora of deliberate indifference claims against the defendants. (*Id*.). Liberally construed, [4] Plaintiff's amended complaint alleges that the defendants are being deliberately indifferent to his medical needs in three areas: (1) by not allowing him to be treated by a doctor when he goes to sick call; (2) by delaying his medical treatment despite his request for emergency appointments; and (3) by ineffectively treating his mental health condition. (*see generally* ECF No. 13). Plaintiff's alleged injuries include internal and external physical pain, mental anguish, and health deterioration. (*Id*. at 14). For relief, Plaintiff seeks an injunction to have the medical and mental health requests placed on the institutional kiosks and money damages. (*Id*. at 15).

Initially, it should be noted that Plaintiff offers no objections to the portions of the Report recommending dismissal of Nurse Bostick, Nurse Allen,[5] Director Bryan Stirling, or Michelle Fox.

---

[4] As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

[5] Plaintiff appears to have abandoned all claims against Nurse Bostick and Nurse Allen in the amendment of his pleading and they are therefore not included in the caption above. However, to remove any doubt, all claims against Nurse Bostick and Nurse Allen are dismissed for failure to state a claim.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections as to the dismissal of Nurse Bostick, Nurse Allen, Director Bryan Stirling, or Michelle Fox and therefore this Court is not required to give an explanation for adopting the recommendation as to those defendants. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that the Plaintiff's pleadings fail to state a claim as to these defendants and they should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

Accordingly, the only remaining claims are those against Donna L. Cappadonia and Dustin Phillips for deliberate indifference to Plaintiff's medical needs in violation of his Eight Amendment rights. As the Magistrate Judge correctly stated, "[a]lthough the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969). In order to state a claim for deliberate indifference, "[a] plaintiff must satisfy two elements . . . he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). "Deliberate indifference may be

demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mere negligence or malpractice does not violate the Eighth Amendment. *Id*. Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Plaintiff appears to take issue with the Magistrate Judge's conclusion that "even liberally construed, the plaintiff's allegations against the defendants, at best, amount to negligence or medical malpractice, both of which are not actionable under § 1983."(ECF No. 18, p. 5-6)(citing *Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995)). Plaintiff's sole contention with the Report appears to rest on his allegations that Defendant Cappadonia refused to immediately "treat the highly infectious, extremely contagious and painful serious illness methicillin-resistant staphylococcus aureus ["MRSA"]" because "it was brought to her attention fifteen (15) minutes before shift change" and "she wanted to go home." (ECF No. 21, ¶¶ 5, 9 & 13).

However, taking the assertion that Defendant Cappadonia failed to immediately treat Plaintiff herself because she wanted to go home at the end of her shift as true, Plaintiff still fails to state a claim upon which relief can be granted. Plaintiff's pleading and

6

numerous supporting documents clearly indicate that his medical complaints were received and noted by Nurse Smith and Nurse Jaworski on the same day Defendant Cappadonia is alleged to have left prior to treatment. (ECF No. 13, p. 7). Moreover, the records indicate that Plaintiff was scheduled for sick call based on this report and several other non-serious requests previously made. (ECF No. 13, p. 8). Further, during sick call, medical personnel evaluated Plaintiff's complaints and prescribed several medications for his ailments. (ECF No. 13-1, p. 15). Accordingly, Plaintiff's pleadings make clear that Plaintiff was dissatisfied with the type of provider and medical care received for his various ailments, not with a purposeful indifference to a serious medical need.

Moreover, Plaintiff was not diagnosed with MRSA until February 14, 2019. (ECF No. 13, ¶ 29). "Actual knowledge or awareness on the part of the alleged inflicter ... becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1970)). Accordingly, Cappadonia could not have been deliberately indifferent to a medical need she did not yet know existed. These allegations simply do not show an excessive risk to Plaintiff's health or safety that defendant knew of or disregarded, as required to satisfy the subjective prong discussed above. As the Magistrate Judge correctly concluded, "plaintiff's exhibits—totaling more than 100 pages—show that the plaintiff received consistent medical treatment for his ailments." (ECF No. 18 p. 5). "These voluminous records evince the medical treatment given to the plaintiff for his various ailments, and

while the plaintiff is dissatisfied with the care he received, as noted, he is not constitutionally entitled to the treatment of his choice." (*Id.*)

Thus, if Plaintiff's allegations were deemed to show inadequate medical care by defendants, it would at most be negligence or medical malpractice. Neither is cognizable as an Eighth Amendment claim. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985) ("[Plaintiff's] allegation that his medical care was inadequate would, at most, constitute a claim of medical malpractice. He alleges no exceptional circumstances which meet the standard of deliberate indifference to serious medical needs required for § 1983 liability."); *Morrison v. Dulah,* No. 5:14–CV–66–FDW, 2014 WL 2573041, at *3 (W.D.N.C. 9 June 2014) (dismissing complaint on frivolity review where "[a]t most, Plaintiff alleges that Defendants were negligent in failing to diagnose and treat the MRSA earlier, resulting in permanent nerve damage and scarring. Mere negligence is simply not an actionable claim under § 1983.").

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the court adopts the Report and Recommendation. (ECF No. 18). Thus, this matter is dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

February 25, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge